UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARBARA WITOWSKI, an individual

    Plaintiff,

v.                                          Case No: 2:18-cv-428-FtM-38CM

ACHIEVA CREDIT UNION,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Achieva Credit Union's Motion for Judgment on the Pleadings (Doc. 16), and Plaintiff Barbara Witowski's opposition (Doc. 17). For the following reasons, the Court denies the motion.

## BACKGROUND[2]

This case involves an employment dispute under the Family Medical and Leave Act ("FMLA"). Achieva hired Witowski as a branch manager in April 2016. (Doc. 1 at ¶ 7). She succeeded in that role for nearly two years. (Doc. 1 at ¶¶ 8-10). But that changed when Witowski went on FMLA leave for a knee replacement. (Doc. 1 at ¶¶ 11-

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The facts recited in this Order have been taken from the Complaint and considered to be true for purposes of Achieva's motion only.

12). On Witowski's first day back to work in April 2018, Achieva fired her. (Doc. 1 at ¶ 14).

Witowski thus brings this two-count suit against Achieva for interfering with her FMLA rights and retaliating against her for taking FMLA leave. (Doc. 1). As to the interference claim, Witowski alleges that Achieva "was obligated, but failed, to allow [her] to take FMLA leave and to return . . . to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a)." (Doc. 1 at ¶ 30). Achieva has answered the FMLA retaliation claim but has moved for judgment on the pleadings as to the interference claim. (Doc. 16).

## STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). In deciding whether judgment is appropriate, the court accepts all material facts alleged in the complaint as true and views those facts in the light most favorable to the non-moving party. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "A complaint may only be dismissed under Rule 12(c) if 'it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations.'" *Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, Ga.*, 831 F.3d 1342, 1346 (11th Cir. 2016) (citing *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002)).

**DISCUSSION**

The FMLA prohibits employers from interfering with employees' ability to exercise their substantive rights under the statute. *See* 29 U.S.C. § 2615(a)(1). Reinstatement is a right to which the FMLA grants an employee upon returning from leave. *See id.* § 2614(a)(1)(A) (stating an employee has the right to "be restored by the employer to the position of employment held by the employee when the leave commenced"); *see also Martin v. Brevard Cty. Pub. Sch.*, 543 F.3d 1261, 1267 (11th Cir. 2008) ("An employee has the right following FMLA leave 'to be restored by the employer to the position of employment held by the employee when the leave commenced' or to an equivalent position." (citations omitted)); *Ponce v. City of Naples*, No. 2:17-CV-137-FTM-99CM, 2017 WL 2692829, at *3 (M.D. Fla. June 22, 2017) ("The right to FMLA leave and the right to return to an equivalent position post-leave are both FMLA benefits."). To state an interference with FMLA rights claim, an employee need only show that she was entitled to a benefit her employer denied. *See Strickland v. Water Works and Sewer Bd. of City of Birmingham,* 239 F.3d 1199, 1205 (11th Cir. 2001); *Schaaf v. Smithkline Beecham Corp.*, 602 F.3d 1236, 1241 (11th Cir. 2010). Because "the employer's motives are irrelevant," the employee does not have to allege that her employer intended to deny the benefit. *Strickland,* 239 F.3d at 1208.

Achieva claims Witowski's interference claim fails as a matter of law because firing an employee for taking FMLA leave is retaliation, not interference. (Doc. 16). It continues that the Complaint alleges no facts that Achieva denied Witowski any benefit to which the FMLA entitled her. (Doc. 16 at 5). Witowski responds that Achieva's refusal to reinstate

her was the company interfering with her FMLA right to be returned to her position (or an equivalent one) upon returning from leave. (Doc. 17).

As stated, the FMLA gives employees the right to be restored to their same position following FMLA leave. And according to Witowski, Achieva fired her "upon her arrival for her first day back at work on April 23, 2018." (Doc. 1 at ¶ 14). Having to draw all reasonable inferences in Witowski's favor, the Court reads this allegation to mean that Achieva did not allow Witowski to return to any position after her leave. And that is enough to state an FMLA interference claim at this stage of litigation. The Court thus denies Achieva's motion for judgment on the pleadings.

Accordingly, it is now

**ORDERED:**

(1) Defendant Achieva Credit Union's Motion for Judgment on the Pleadings (Doc. 16) is **DENIED**.

(2) Achieva Credit Union must file an amended answer to the Complaint on or before **October 18, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of October 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record